GAUDIN, Judge,
dissenting.
On December 17, 1986, a judgment was rendered in the 24th Judicial District Court in favor of Rosa C. Gordon and against Lynn C. Coker, d/b/a Coker Services, Ltd., in the amount of $15,000.00 plus legal in *525 terest and court costs. A claim against Allied Recovery, Inc. was dismissed.
Ms. Coker- learned of the judgment, she contends, when a copy was mailed to her on March 13, 1987. She then filed a petition to annul and vacate the judgment primarily because she had never received notice of trial. Gordon countered with exceptions of no right and no cause of action. The exceptions were maintained and this appeal followed.
For the following reasons, I would vacate and set aside the “Judgment on Exceptions” signed on October 19, 1987 and remand to the district court for further proceedings. The December 17, 1986 judgment could be defective and, if so, should be set aside.
The majority opinion would have Mrs. Coker waive her right to notice of the trial date because of non-compliance with LSA-C.C.P. art. 1572 and because she deliberately avoided the process server.
In the record, dated January 17, 1986, is an order setting a pretrial conference for that day (January 17, 1986) and a trial on the merits for March 3, 1986. Inscribed on this order is a notation by the deputy clerk saying that notices of trial were mailed on January 20, 1986 to (1) the attorney for plaintiff, (2) the attorney for Allied Recovery and (3) Lynn Coker, d/b/a Coker Services, Inc. The inscription does not show the address to where Mrs. Coker’s notice was mailed and there is no indication that this notice was ever received.
At the very least, Mrs. Coker should have been afforded the opportunity to show that she did not receive notice of trial. Her petition to annul and vacate should not have been summarily dismissed.